# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

July 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| SERIE M. BLAND, | ) | HAMILTON CIRCUIT |
| | ) | |
| Plaintiff/Appellant | ) | |
| v. | ) | NO. 03A01-9801-CV-00024 |
| | ) | |
| DAVID COWAN, TENNESSEE | ) | HON. L. MARIE WILLIAMS, |
| EDUCATION ASSOCIATION, | ) | JUDGE |
| and HAMILTON COUNTY | ) | |
| EDUCATION ASSOCIATION, | ) | |
| | ) | |
| Defendants/Appellants | ) | AFFIRMED |

Mitchell A. Byrd, Chattanooga, for Appellant

William E. Godbold, III, Chattanooga, for Appellee David Cowan

Charles Hampton White, Nashville, for Appellees Tennessee Education
    Association and Hamilton County Education Association

## M E M O R A N D U M   O P I N I O N

_____INMAN, Senior Judge

The plaintiff is a non-tenured teacher in the Hamilton County School system.

She was employed at the Brown Middle School for the school year 1993-94. At the end of the 1994-95 school year she was transferred to Red Bank Middle School because of a decrease in enrollment at Brown. She was one of seven science teachers at Red Bank when the 1995-96 school year began on August 28, 1995.

About a week later, Mr. Cowan, principal of Red Bank, announced that because of a decrease in enrollment, the school would lose teachers.

On September 8, 1995, the plaintiff was informed that she was being transferred to Soddy-Daisy Middle School, along with two other teachers.

She reported to duty at Soddy-Daisy on September 11, 1995 and was assigned to teach five seventh grade classes. She did not report for duty on September 13, 1995, later stating that she was having some emotional problems because of the situation and sought psychiatric help.

She thereafter filed a grievance over the transfer, which the Board of Education decided adversely to her. In this action she complains that the Tennessee Education Association ["TEA"] and the Hamilton County Education Association ["HCEA"] owed her the duty of providing counsel pursuant to a collective bargaining agreement then in effect, and that the agreement provided that she was entitled to five days notice of the transfer in contrast to the three days which were accorded to her. She seeks damages for the alleged wrongful transfer.

The case was dismissed on motion for summary judgment.

We find that the case is peculiarly appropriate for disposition pursuant to Rule 10, Rules of the Court of Appeals.[1]

Pursuant to this Rule, the judgment is affirmed at the costs of the Appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Don T. McMurray, Judge

_____

[1]**Affirmance Without Opinion - Memorandum Opinion.** (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]